JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Robert Foster,

        Plaintiff,

v.

Sirius XM Radio Inc.; and DOES 1-10, inclusive,

        Defendants.

Civil Action No.: 14 CV 9395

COMPLAINT

RECEIVED NOV 25 2014 U.S.D.C. S.D. N.Y. CASHIERS

---

For this Complaint, the Plaintiff, Robert Foster, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. The Plaintiff, Robert Foster ("Plaintiff"), is an adult individual residing in Cheyenne, Wyoming, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Defendant, Sirius XM Radio Inc. ("Sirius"), is a New York business entity with an address of 1221 Avenue of the Americas 36th Floor New York, New York 10020, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Sirius and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as

parties once their identities are disclosed through discovery.

6. Sirius at all times acted by and through one or more of the Agents.

## FACTS

7. In or around September 2014, Sirius began calling Plaintiff's cellular telephone, number 409-XXX-5167.

8. Sirius called Plaintiff from telephone number 409-600-2849.

9. Sirius called Plaintiff using an automated telephone dialing system ("ATDS" or "Predictive Dialer").

10. Often when Plaintiff answered calls from Sirius he experienced a period of silence before being connected to a live agent who attempted to sell Sirius' services.

11. On other occasions when Plaintiff answered calls he experienced a period of silence before Sirius's dialing system would disconnect the call.

12. Plaintiff never provided his cellular telephone number to Sirius and never provided his consent to be called by Sirius.

13. On more than one occasion Plaintiff called Sirius and requested that the calls stop.

14. Thereafter, Sirius continued to call Plaintiff to solicit its services.

### A. Plaintiff Suffered Actual Damages

15. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

19. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

20. Defendants' telephone systems have some earmarks of a Predictive Dialer. On most occasions when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

21. On other occasions, when Plaintiff answered the phone, he was met with silence before Defendants' telephone system would disconnect the call.

22. Upon information and belief, Defendants' Predictive Dialers have the capacity to

3

store or produce telephone numbers to be called, using a random or sequential number generator.

23. Plaintiff never provided his cellular telephone number to Defendants and never provided his consent to be called by Defendants.

24. Despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

26. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

27. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 20, 2014

                                              Respectfully submitted,

By *[signature]*
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff